UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| JASON MCDANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25cv72 |
| ) | |
| JOHN C. PHELAN, ) | |
| Secretary of the Navy, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Jason McDaniel's ("Plaintiff") Motion for Extension of Deadline to Effectuate Service of Process on United States Attorney General and United States Attorney *Nunc Pro Tunc* ("Motion for Extension") ECF No. 18. Plaintiff filed his Motion for Extension and an accompanying Memorandum in Support on June 18, 2025. ECF Nos. 18–19. Defendants John C. Phelan, Secretary of the Navy, and Jane Barclift, Douglas Marshall, and Maggie Radich, in their official capacities, (collectively, "Defendants") filed a Response to the Motion for Extension ("Response") on June 27, 2025. ECF No. 21. Plaintiff filed a Reply to the Response ("Reply") on July 2, 2025. ECF No. 22. Therefore, the Motion is now ripe for this Court's review.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Federal Rule of Civil Procedure 4(i) provides clear and forthright requirements for serving the United States, its agencies, or officers. The rule provides as follows:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>
> **(1)** *United States.* To serve the United States, a party must:

**(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

**(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

**(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

**(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

**(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

**(3)** *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

**(4)** *Extending Time.* The court must allow a party a reasonable time to cure its failure to:

**(A)** serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

> **(B)** serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

Fed. R. Civ. P. 4(i).

On February 4, 2025, Plaintiff filed suit against each of the four Defendants in their official capacity. ECF No. 1 at 1. On February 12, 2025, Plaintiff filed four proposed summons to each of the four Defendants. ECF Nos. 2–5. The Court issued these summonses on February 13, 2025. Almost two months later, on April 12, 2025, Plaintiff filed a fifth proposed summons to the General Counsel of the Navy, and the Court issued that summons two days later. ECF Nos. 9, 10.

Although Plaintiff requested and received summonses directed to Secretary Phelan, Jane Barclift, Douglas Marshall, and Maggie Radich, he failed to properly serve the United States. When a party sues a United States officer or employee acting in an official capacity, the party must serve the officer and the United States. Fed. R. Civ. P. 4(i)(2). To serve the United States, the party must first deliver a copy of the summons and the complaint to the United States attorney (or the United States attorney's designee) for the district where the action is brought or send a copy of both the complaint and the summons by registered or certified mail to the civil-process clerk at the United States attorney's office. Fed. R. Civ. P. 4(i)(1)(A)(i)–(ii). Then, the party must also send a copy of the complaint and summons by registered or certified mail to the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1)(B). Plaintiff did not deliver a copy of the summons and the complaint to the United States Attorney for the Eastern District of Virginia ("U.S. Attorney"). ECF No. 19 at 2. Nor did he mail a copy of the summons and the complaint to the Attorney General of the United States ("Attorney General"). *Id.*

Defendants filed a Motion to Dismiss on June 13, 2025. ECF No. 13. Therein they argue, *inter alia*, that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure

3

12(b)(5). *Id.* at 12–16. That rule allows a Defendant to challenge the sufficiency of service of process, and Defendants argue that the Court should dismiss Plaintiff's Complaint because he did not serve the U.S. Attorney and the Attorney General. *Id.*

After receiving Defendants' Motion to Dismiss, Plaintiff filed the Motion for Extension and sought a retroactive extension of time—up to July 18, 2025—to serve the Attorney General and the U.S. Attorney. ECF No. 18 at 1. Plaintiff explained that "[d]ue to [Defendant's Motion to Dismiss], Plaintiff became aware that he may not have appropriately served a copy of his Complaint on the Defendants in this case . . . by not separately serving the [Attorney General] and the [U.S. Attorney]." ECF No. 19 at 2. Defendants filed a Response, arguing that Plaintiff had not established good cause for his failure to effect proper service, that he failed to show that his failure to effect proper service was one of excusable neglect, and that the Court should not exercise its discretion to grant Plaintiff an extension of time to properly serve Defendants. ECF No. 21 at 1–7. Plaintiff filed a Reply and argued that the Court should grant a discretionary extension of his deadline to serve process. ECF No. 22.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 4(m), Plaintiff may obtain an extension of time to serve the Defendants by showing good cause. Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve the defendant within the allotted time], the court must extend the time for service for an appropriate period.").

Attempting to establish good cause under Rule 4(m)[1], Plaintiff offers four reasons for his failure to properly serve Defendants. ECF No. 19 at 3–4. First, Plaintiff's counsel explains that she "misunderstood the office of the general counsel to be part of the [United States Attorney's Office] for the purpose of serving the Secretary of the Department of the Navy since they are counsel for that agency apart from the department itself." *Id.* at 3. Second, Plaintiff alleges that his failure to serve "was not done out of recklessness or intention to not comply with the deadline" because he made "multiple attempts" to serve the Defendants by certified mail and through a process server. *Id.* Third, Plaintiff argues that, were his Motion for Extension granted, Defendants would not be prejudiced. *Id.* Conversely, Plaintiff argues he would be severely prejudiced were the Court to deny the Motion for Extension because "his case could be dismissed because of failing to serve two individuals." *Id.* at 3–4. Fourth and finally, Plaintiff's counsel states that she has been taking care of her 90-year-old mother-in-law for the past six months, and that this "has caused great stress" in her life. *Id.* at 4. Defendants argue that none of Plaintiffs' four arguments establish good cause for failing to properly serve Defendants on time. ECF No. 21 at 2.

---

[1] Federal Rule of Civil Procedure 4(i)(4) does not apply here. That rule provides:

> The court must allow a party a reasonable time to cure its failure to:
>
> > (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
> >
> > (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

Subdivision (A) does not apply because Plaintiff concededly did not serve either the United States Attorney or the Attorney General. ECF No. 19 at 2. Subdivision (B) does not apply because no Defendant has been sued in their individual capacity. ECF No. 1 at 1.

5

**A. Plaintiff fails to establish good cause pursuant to Rule 4(m) for his failure to properly serve Defendants.**

Without question, Plaintiff's excuses do not establish good cause pursuant to Rule 4(m), and his efforts to serve Defendants demonstrate total unfamiliarity with Rule 4(i). Courts examine multiple factors in determining whether good cause exists under Rule 4(m):

> Among the many factors bearing on the good cause inquiry are (i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's *pro se* status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended.

*Robinson v. GDC, Inc.*, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016). "'Good cause' requires a 'showing of diligence on the part of the plaintiffs.'" *Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022) (quoting *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019)). "[C]ourts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant . . . or stayed proceedings that delay the issuance of a summons." *McCoy v. Abbasi*, No. 3:10CV875, 2012 WL 4933301, at *1 (E.D. Va. Oct. 16, 2012) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D.W. Va. 1996)); *McCollum v. GENCO Infrastructure Solutions*, No. 3:10–CV–210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010)) (internal citations omitted). "'Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or halfhearted attempts at service' generally are insufficient to show good cause." *Smith v. Hampton Roads Reg'l Jail*, No. CIV.A. 3:08CV610, 2009 WL 3109835, at *3 (E.D. Va. Sept. 25, 2009) (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D.W. Va. 1992)).

Plaintiff's reasons for failing to properly serve the defendants do not establish good cause. Here, the third factor—the reason(s) for the delay and whether the delay was within the plaintiff's

control—outweighs the analysis of the other factors[2] and demonstrates that Plaintiff has not shown good cause for his failure to serve the Defendants properly and on time. *See Robinson*, 193 F. Supp. 3d at 580. Plaintiff clearly did not know nor seek to learn Rule 4(i) and the requirements it lists for serving the United States and its officers. He did not even file proposed summonses to the U.S. Attorney and the Attorney General until five days after Defendants filed their Motion to Dismiss. ECF No. 20. Ignorance or misunderstanding of the federal rules does not establish good cause pursuant to Rule 4(m). *Andrews v. Brown*, No. 3:23CV264, 2024 WL 4520123, at *6 (E.D. Va. Oct. 17, 2024) ("Good cause is not established based on ignorance of the rule . . .") (citing *Gelin*, 35 F.4th at 218). Therefore, the Court finds that Plaintiff has failed to establish good cause, pursuant to Rule 4(m), to excuse his failure to properly serve process on Defendants.

**B. The Court will exercise its discretion to grant Plaintiff's Motion for Extension.**

As the Defendants recognize, ECF No. 21 at 4, the Court has discretion to grant the Motion for Extension even when the plaintiff fails to establish good cause. "[U]nder Rule 4(m), a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule." *Gelin*, 35 F.4th at 220.

---

[2] Plaintiff's additional arguments, presented alongside his counsel's misunderstanding of Rule 4(i), do not establish good cause, either. ECF No. 19 at 3–4. Plaintiff's multiple, good-faith attempts to serve Defendants are undercut by Plaintiff's counsel's failure to follow Rule 4(i). *Id.* at 3. Although Plaintiff may suffer severe prejudice if the Court denies his Motion for Extension, this factor does not outweigh the clear ignorance of Rule 4(i) exhibited by Plaintiff's counsel. *Id.* at 3–4. And finally, although Plaintiff's counsel argues that good cause exists for an extension because she has been caring for her mother-in-law, *id.* at 4, "the 'good cause' standard is a stringent one where claims of delay from personal tragedy or illness do not suffice." *Gbane v. Capital One, NA*, No. CV 16-701, 2016 WL 3541281, at *1 (D. Md. June 29, 2016). Moreover, Plaintiff's co-counsel, Mr. Goldstein, first sought to enter his appearance in this case *pro hac vice* on February 12, 2025—a mere eight days after the complaint was filed—and has no such excuse. ECF No. 6.

"Courts consider a variety of non-exhaustive factors that guide a discretionary decision to enlarge the service period." *Andrews*, 2024 WL 4520123, at *6. To determine whether to exercise its discretion to grant the Motion for Extension, the Court looks to the same eight factors, discussed above, that form the good cause inquiry under Rule 4(m).[3] *Id.*; *see Robinson*, 193 F. Supp. 3d at 580; *Gabbidon v. Wilson*, No. CV 1:19-00828, 2020 WL 1312871, at *2 (S.D.W. Va. Mar. 17, 2020) (applying the eight factors in determining whether to exercise discretion and grant a motion for extension of time).[4]

First, the Court finds that Defendants will not be prejudiced if the Court exercises its discretion and grants the Motion for Extension. Defendants argue that Plaintiff immediately publicized his claims against Defendants and therefore prevented Defendants from immediately defending against his claims. ECF No. 13 at 14.[5] The publicity generated by Plaintiff's suit was

---

[3] Defendants note that, in determining whether to exercise discretion to grant a motion for an extension of time to serve a party, some courts turn to the excusable neglect standard pursuant to Federal Rule of Civil Procedure 6(b). ECF No. 21 at 4; ECF No. 13 at 15; *see Davis v. Univ. of N. Carolina at Greensboro*, No. 1:19CV661, 2022 WL 3586093, at *4 (M.D.N.C. Aug. 22, 2022). But the Court finds the eight factors that also guide the Rule 4(m) analysis to be the better guide for determining whether a discretionary extension of time to complete service should be granted. *Andrews*, 2024 WL 4520123, at *6 (applying the eight factors listed in *Robinson*, 193 F. Supp. 3d at 580, to the question of whether the Court should exercise its discretion to grant an extension time to complete service). Under either analysis, the outcome here would be the same.

[4] Again, these factors are:

> (i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's *pro se* status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended.

*Robinson*, 193 F. Supp. 3d at 580; *Andrews*, 2024 WL 4520123, at *6 (applying these factors in determining whether to grant a discretionary extension of time to serve process).

[5] Defendants address each of the eight relevant factors in their Motion to Dismiss as well as their Response in Opposition to the Motion for Extension. *See* ECF No. 13 at 14; ECF No. 21 at 5–6.

8

limited, and Defendant may still defend themselves against his claims. Therefore, this factor supports permitting late service.

Second, the Court finds that a seventy-five-day delay in this case is not insignificant, but also not excessive. Courts have found longer delays acceptable when determining whether to grant a discretionary enlargement of time to effect service. *See Gabbidon*, 2020 WL 1312871, *3 ("[t]he length of delay would not be excessive; at most, it would be the 90 days which plaintiff would gain to effectuate service by virtue of plaintiff's filing of her amended complaint . . ."); *see also Blaylock v. United Parcel Serv., Inc.*, No. CV 1:20-00156, 2020 WL 3979667, at *2 (S.D.W. Va. July 14, 2020) ("[A] 45-day extension is not a lengthy extension."); *Robinson*, 193 F. Supp. 3d at 580–81 ("[T]he delay in serving process was relatively short—a mere four days—which is far below the 120–day period to serve process that the Federal Rules of Civil Procedure formerly embraced as reasonable."); *Rotruck v. New Creek Wind, LLC*, No. 2:17-CV-37, 2017 WL 11188292, at *3 (N.D.W. Va. Nov. 3, 2017) (citing *Robinson*, 193 F. Supp. 3d at 580). Additionally, service may be accomplished immediately in compliance with Rule 4(i). Therefore, this factor supports permitting late service.

Third, as discussed above, the Court finds that the reason for the delay is Plaintiff's failure to properly serve the U.S. Attorney and the Attorney General due to ignorance of the requirements set forth by Rule 4(i), and there is no evidence suggesting that Defendants intentionally avoided service or sought to obfuscate Rule 4(i)'s requirements. *See supra* Section II.A. Therefore, the delay was "within the [P]laintiff's control" and weighs against permitting late service. *Gabbidon*, 2020 WL 1312871, *3.

9

Fourth, the Court finds that Plaintiff did not seek an extension of time to properly serve Defendants before the original deadline to serve Defendants expired. Therefore, the Court finds that this factor weighs against permitting late service.

Fifth, the Court finds that there is no indication, and Defendants do not argue, that Plaintiff has acted in bad faith in failing to properly serve Defendants. Therefore, the Court finds that this factor weighs in favor of permitting late service.

Sixth, Plaintiff is not proceeding pro se in this case; he is represented by attorneys. Therefore, the Court finds that this factor weighs against permitting late service.

Seventh, the Court finds that denying Plaintiff's Motion for an Extension would severely prejudice Plaintiff. Both Plaintiff and Defendants contend that, were the Court to deny the Motion for Extension, Plaintiff's claims would be time-barred, and he would be unable to successfully refile his complaint. ECF No. 21 at 6 n.2 (The Navy dismissed Plaintiff's EEO complaint . . . and his time to file suit has since expired, *see* 29 C.F.R. §§ 1614.110, 1614.407(a) . . . in the event that the Court dismisses Plaintiff's case without prejudice and Plaintiff re-files a new action, the Navy intends to take the position that the new action is time-barred."); ECF No. 22 at 4 (explaining that Plaintiff would experience "extreme prejudice" if his Motion for Extension is denied because he would not have "the ability to re-file his Complaint due to the statute of limitations running out on his Title VII of the Civil Rights Act claims.").

Courts place greater weight on factor seven of the discretionary extension of time to serve process analysis. *Gabbidon*, 2020 WL 1312871, \*3; *see Sims v. United Airlines, Inc.,* No. 1:18-CV-379, 2018 WL 11510983, at \*2 (E.D. Va. Sept. 20, 2018) ("Lastly, and of greatest weight, if Plaintiff were denied an extension of time to serve process, he would be prevented from refiling his suit."); *Neighbor v. JP Morgan Chase Bank, N.A.*, No. 118CV00356, 2019 WL 5550076, at \*3

10

(W.D.N.C. Oct. 25, 2019) ("Finally, while not dispositive, the Court also notes that a dismissal here would likely bar Plaintiffs from refiling their aging claims."); *Brodnik v. Harris*, No. CV 1:22-00312, 2023 WL 2872684, at *2 (S.D. W. Va. Apr. 10, 2023) ("Finally, plaintiff may be barred by the statute of limitations from refiling his lawsuit."). And the Supreme Court of the United States has warned that "the requirements of the rules of procedure should be liberally construed and that 'mere technicalities' should not stand in the way of consideration of a case on its merits." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988) (quoting *Foman v. Davis*, 371 U.S. 178, 181 (1962)). If the Court denies his Motion for Extension, Plaintiff will be severely prejudiced because he may be unable to successfully refile his complaint due to the statute of limitations. Accordingly, and given that denying the Motion for Extension could result in the dismissal of the case on procedural grounds without giving the Court the opportunity to consider its merits, the Court finds that factor seven weighs heavily in favor of exercising discretion and permitting late service. *See Torres*, 487 U.S. at 316.

Eighth and finally, the Court finds that Plaintiff has not previously requested an extension of time. Thus, factor eight weighs in favor of discretionarily permitting late service.

In sum, factors one, two, five, seven, and eight weigh in favor of the Court exercising its discretion to grant an extension of time to properly serve Defendants. On the other hand, factors three, four, and six weigh against an extension of time. The Court finds that the additional weight afforded to factor seven, and the severe prejudice Plaintiff could face were his Motion for Extension denied, tips the scale in favor of exercising discretion to permit late service.

11

## III. CONCLUSION

The Court finds that Plaintiff has failed to establish good cause for failure to properly serve defendants pursuant to Rule 4(m). However, considering the discretionary extension of time analysis above, the Court **GRANTS** Plaintiff's Motion for Extension, ECF No. 18. Pursuant to Federal Rule of Civil Procedure 4(i), to properly serve process on the Defendants merely requires Plaintiff to utilize certified mail to serve the Attorney General and the United States Attorney. Accordingly, Plaintiff's deadline to properly serve process on the Defendants is extended up to and including August 4, 2025.

The Clerk is **DIRECTED** to forward this Order to all counsel of record.

It is so **ORDERED**.

/S/
_____
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 21, 2025